MARVIN, Chief Judge.
In 1988 we held that the late retired chief justice of our supreme court, Joe B. Hami-ter, who took his own life in January, 1986, did not have testamentary capacity to make his fourth will on May 24, 1985. Succession of Hamiter, 519 So.2d 341 (La.App. 2d Cir.1988), writ denied, hereafter called Hamiter I.
In this action, which we shall call Hami-ter II, that contests the validity of the third Hamiter will on the same grounds, one of the Hamiter legatees, who appeals the trial court’s judgment annulling the third will, contends that the presumption of the testamentary capacity of the late chief justice on May 31, 1984, was not rebutted by clear and convincing evidence as the law requires.
Again the issue is factual. Again the trial court’s conclusions are strongly supported by the record, which we find clearly and convincingly rebuts the presumption of testamentary capacity.
We affirm.
FACTUAL SUMMARY
In Hamiter I the trial court found that retired Chief Justice Hamiter “lost his ability to make decisions rationally and independently at some point following the death of his wife and brother in 1981 and before [Rosanne Forrest Cox, the convicted felon who took advantage of his mental state and corrupted him in the manner detailed in Hamiter /] ... started to work for him in January 1984.” Bracketed material is ours.
The legatee-appellant in Hamiter II joined in a stipulation that the record of Hamiter I, compiled in a nine-day trial, was admissible and could be considered by the trial court. The record in Hamiter I is now part of Hamiter II.
Additional evidence in Hamiter II consists of the testimony of the notary and a witness on the third will and of one of the Hamiter legatees, Sue Brown, whose bequests were significantly increased in the third will.
Mrs. Brown, a legatee and a defendant who does not appeal, judicially admitted that the late chief justice lacked testamentary capacity on May 31, 1984, and stated that the dispositions in the third will derived from notations on the second will that were handwritten by Mrs. Cox. Hamiter II allows the conclusion, as appellant argues, that Mrs. Cox was not present when the third will was signed. The notary could not recall. We also agree that the bequests to Mrs. Cox in the third will, made about one year before the fourth will, were not as great in value as in the fourth will. These arguably distinguishing circumstances do not change the result, however.
Testimony of the notary and witness in Hamiter II does not affect the result or negate the effect of Mrs. Brown’s testimony about Mrs. Cox’s written notations. The medical opinions and factual circumstances in Hamiter I show that Hamiter could not give directions to his home in December 1983 and did not readily understand the petition to interdict him that was served on him in May 1984, before the third will was executed May 31 of that year.
As in Hamiter I, we conclude the judgment is supported by clear and convincing evidence that the retired chief justice lacked testamentary capacity when he executed the will in question.
DECREE
At the cost of the appellant, the judgment is AFFIRMED.